AO 91, Rev 11-82 (E. McKillip Authorizing)   **CRIMINAL COMPLAINT**   CW #09-188

| United States District Court | DISTRICT<br>Eastern District of Pennsylvania |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>MAHAN MERAI<br>CARMINA CALO | DOCKET NO. |
| | MAGISTRATE'S CASE NO.<br>09-1383-M |

Complaint for violation of Title 21 United States Code § 846

FILED
AUG 25 2009
MICHAEL E. KUNZ

| NAME OF JUDGE OR MAGISTRATE<br>Honorable TIMOTHY R. RICE | OFFICIAL TITLE<br>U.S. Magistrate Judge | LOCATION<br>Philadelphia, PA |
|---|---|---|
| DATE OF OFFENSE<br>June through August 7, 2009 | PLACE OF OFFENSE<br>Philadelphia, Pennsylvania and elsewhere, | ADDRESS OF ACCUSED (if known)<br>2538 Triana Circle<br>Henderson, NV  89074-6205 |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION

From in or about June, 2009, through and including August 7, 2009, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendants MAHAN MERAI and CARMINA CALO conspired and agreed with each other and with other persons to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

All in violation of Title 21, United States Code, Section 846.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.

SIGNATURE OF COMPLAINANT (official title)
David Morina

OFFICIAL TITLE
Special Agent, Drug Enforcement Administration

Sworn to before me and subscribed in my presence.

SIGNATURE OF MAGISTRATE [1]
Honorable TIMOTHY R. RICE, United States Magistrate Judge

DATE  8/25/09

[1] See Federal Rules of Criminal Procedure rules 3 and 54.

AFFIDAVIT

David Morina, being duly sworn and on oath, deposes and says:

1. I am a Special Agent of the Drug Enforcement Administration and have been so employed for 13 years. The statements made in this affidavit are from my personal investigation and from information provided by other law enforcement personnel, and are true and correct to the best of my knowledge, information, and belief.

2. This Affidavit is in support of an application for a complaint and warrant charging MAHAN MERAI and CARMINA CALO with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846.

3. MAHAN MERAI and CARMINA CALO reside in the vicinity of Las Vegas, Nevada. In June, 2009, MERAI contacted M.B., who is also a resident of the Las Vegas area, and asked M.B. to accompany CALO on a trip to Philadelphia, Pennsylvania. In addition to all expenses of the trip being paid, M.B. would be paid several hundred dollars for the trip to Philadelphia.

4. On or about July 1, 2009, CARMINA CALO and M.B. flew from Las Vegas, Nevada, to Philadelphia, Pennsylvania. CALO explained to M.B. that CALO wanted to introduce M.B. to a certain individual in Philadelphia, because CALO and MERAI wanted M.B. to transport packages from Las Vegas to this individual in Philadelphia.

5. In Philadelphia, CARMINA CALO and M.B. went to a garage, where CALO introduced M.B. to a male. CALO had a conversation with the male in Spanish. Subsequently, the male gave CALO a package containing stacks of United States currency heat-sealed in

plastic. CALO placed the package of money in a bag, which she transported with her when she and M.B. returned to Las Vegas.

6. In early August, 2009, MAHAN MERAI and CARMINA CALO asked M.B. to make a delivery from Las Vegas, Nevada, to Philadelphia, Pennsylvania. CALO promised to pay M.B. approximately $2,000 plus expenses after completion of the delivery. MERAI accompanied M.B. to a vehicle rental agency, where M.B. rented a truck. MERAI took the truck, placed three kilograms of cocaine inside the spare tire of the vehicle, then returned the vehicle to M.B. CALO programmed the address of 3228 Lee Street, Philadelphia, Pennsylvania, into a GPS unit for M.B. MERAI and CALO instructed M.B. to travel to the vicinity of 3228 Lee Street, Philadelphia, Pennsylvania, check into a motel, and contact MERAI for further instructions relating to delivery of the cocaine.

7. M.B. began to drive from Nevada to Pennsylvania to deliver the cocaine. On August 6, 2009, in the vicinity of Dayton, Ohio, M.B. was stopped by the Ohio State Patrol for traffic violations. A narcotics detection canine alerted to the presence of the cocaine in the spare tire. Troopers noted a strong smell of dryer sheets, which are commonly used by drug traffickers in an attempt to disguise the smell of drugs. Troopers removed the tire and discovered three packages wrapped in duct tape and plastic wrap. Underneath the top layer of wrappings was a layer of dryer sheets. Each of the three packages contained approximately one kilogram of a powdery substance that, when subjected to a field test, gave a positive result for the presence of cocaine.

8. Law enforcement personnel replaced the packages of cocaine in the spare tire with packages of a sham substance resembling cocaine, wrapped in the same manner as the

packages of cocaine. M.B. traveled to Philadelphia, Pennsylvania, checked into a motel, and contacted MAHAN MERAI by telephone.

9. Initially, MAHAN MERAI told M.B. that MERAI would travel to Philadelphia to meet M.B. In subsequent telephone conversations between MERAI and M.B. on Friday, August 7, 2009, it was agreed that M.B. would deliver the packages to a person who would come to the motel where M.B. was staying. MERAI instructed M.B. to remove the spare tire from the vehicle, take it to M.B.'s motel room, and remove the packages. MERAI told M.B. to give the person only one package at first. The person would give M.B. $7,000 in exchange for one package. MERAI told M.B. that the person would meet M.B. later for the other two packages, and that it might take three days to complete the transaction.

10. At approximately 7:44 p.m. on August 7, 2009, MAHAN MERAI telephoned M.B. and told M.B. that the person who was to pick up the cocaine had arrived at the motel. M.B. met A.G. in the lobby of the motel and took A.G. to M.B.'s room. In the motel room, M.B. removed the three packages of (sham) cocaine from the spare tire, placed them on the bed, and wrapped them in a towel. A.G., while carrying on a cell phone conversation in Spanish, indicated by pointing that rather than take all three packages at once, he would take each one separately. M.B. then took one package, wrapped it in a towel, placed it in a bag, and gave the bag to A.G. A.G. gave M.B. $7,000. A.G. left the motel room, carrying the bag containing the package of sham cocaine. A.G. was taken into custody as he left the motel.

11. Approximately 20 minutes after A.G. was arrested, CARMINA CALO telephoned M.B. CALO asked M.B. if M.B. was OK. M.B. said yes, and CALO stated, "my friend had a problem." CALO told M.B. to "get out now." CALO called M.B. several times

3

within a short period of time following A.G.'s arrest. In those calls, CALO repeated her instructions to M.B. to "get out." In one conversation, M.B. told CALO that M.B. was in the process of checking out of the motel. She stated, "you're checking out" and a male voice was audible in the background of the telephone call saying "good, check out, check out." CALO instructed M.B. to drive for a couple hours, then pull over. CALO instructed M.B. to get rid of the truck.

      12. For the foregoing reasons, I have probable cause to believe that MAHAN MERAI and CARMINA CALO have violated Title 21, United States Code, Section 846, in that MERAI and CALO agreed with each other and with other individuals to distribute approximately 3 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug.

_____
DAVID MORINA
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me
this ___25___ day of August, 2009.

_____
HONORABLE TIMOTHY R. RICE
United States Magistrate Judge

4